1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BALTAZAR GARCIA CALZADA,

11               Petitioner,                    No. 2:12-cv-1434 GGH P

12        vs.

13   UNITED STATES OF AMERICA,

14               Respondent.                    <u>ORDER</u>

15   _____/

16        Petitioner, a federal prisoner proceeding pro se, has filed a petition purportedly

17   pursuant to 28 U.S.C. § 2241.  Petitioner has not, however, filed an in forma pauperis affidavit or

18   paid the required filing fee ($5.00).  <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be

19   provided the opportunity to either submit the appropriate affidavit in support of a request to

20   proceed in forma pauperis or submit the appropriate filing fee.

21        Petitioner appears to allege that he is a federal prisoner illegally detained because

22   18 U.S.C. § 3231 was not validly passed by Congress in 1948, because the House of

23   Representatives did not have a quorum present for its vote on the Senate's amended version of

24   the bill.[1]  <u>See</u> Doc. No. 1 at 8, 16.  He seeks to void his criminal judgment under 28 U.S.C.

25   _____

26        [1]  18 U.S.C. § 3231 reads, in relevant part, that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the court of the States, of all offenses against the

1

1   § 2241 and Federal Rule of Civil Procedure 60(b)(4), as well as the judgments of other similarly

2   situated prisoners using the class action format of Federal Rule of Civil Procedure 23.  The

3   petition does not provide any details of petitioner's own conviction and sentence, reading instead

4   that petitioner "was charged with crimes over which the court had no jurisdiction."  See Doc. No.

5   1 at 11.[2]

6                    Analysis

7            Generally, a motion pursuant to § 2255 is the appropriate vehicle by which to

8   challenge a conviction.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488

9   U.S. 982 (1988), citing, inter alia, 28 U.S.C. § 2255.  See also, Lorentsen v. Hood, 223 F.3d 950,

10  953 (9th Cir. 2000) ("[i]n general, § 2255 provides the exclusive procedural mechanism by

11  which a federal prisoner may test the legality of detention"), citing United States v. Pirro, 104

12  F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal prisoner authorized to seek

13  relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241").

14  Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would

15  be dismissed under § 2255 for procedural reasons.  Moore v. Reno, 185 F.3d 1054, 1055 (9th

16  Cir. 1999).

17          Of critical importance here, only a sentencing court has jurisdiction over a § 2255

18  motion.  28 U.S.C. § 2255; Tripati, 843 F.2d at 1163.[3]  If the petition is construed as a motion

19  ─────────────────

    laws of the United States."

20

21          [2]  The court has independently determined that petitioner pled guilty in March 2011 to
22  violation of 8 U.S.C. § 1326, Deported Alien Found in the United States, and that, on April 6,
    2011, Judge Anello of the District Court for the Southern District of California sentenced
    petitioner to a custodial term of 46 months, with three years supervised release.  See United
23  States District Court for the Southern District of California, Docket No. 3:11-cr-00528 MMA.

24          [3]  "Because a section 2255 motion may be brought only in the sentencing court, the
    Arizona district court, under this approach, correctly dismissed for lack of jurisdiction."  Tripati,
25  843 F.2d at 1163.  The Seventh Circuit takes issue with the "jurisdictional nature" of the
    sentencing court having to hear the § 2255 motion.  Harris v. Warden, 425 F.3d 386, 388 (7th
    Cir. 2005).  However, the Ninth Circuit has held the matter jurisdictional, and that is the end of
26  the matter for the undersigned.

under § 2255, only the Southern District of California has jurisdiction.  If the petition is correctly brought under § 2241 (to attack the execution of sentence as opposed to its legality), the district of incarceration, the Eastern District of California, and not the Southern District of California, is the proper place to bring the action.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

The Ninth Circuit has also held that because of the jurisdictional nature of the § 2255 inquiry, "a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."  Id.

In this case, petitioner is attempting to invalidate his conviction, which is initially, at least, a § 2255 matter.  The real issue becomes whether the § 2255(e) "savings clause" – "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" – could come into play, thereby permitting a § 2241 petition to be filed in its place.  If such were permissible, this district, the district where petitioner is incarcerated, would be the proper place to bring the habeas petition.

Applications of the savings clause favorable to a petitioner/movant have been few and far between.  "We have held that a motion meets the escape hatch criteria of § 2255 '"when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' Stephens, 464 F.3d at 898 (9th Cir.2006) (internal quotation marks omitted)."  Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008).  In Stephens, jury instructions which became arguably errant after a Supreme Court decision were an insufficient basis for an actual innocence claim.  In Harrison, a clarifying decision by the Supreme Court, arguably favorable to petitioner in the sense that his conduct would not have implicated a federal crime, decided after petitioner had filed several previous § 2255 motions did not satisfy the procedural impediment hurdle because petitioner could have raised the claim regardless of the decision at issue.  But see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011).

The parties are directed to file, concurrently, a brief addressing whether the savings clause can be applied to allow petitioner to proceed within this court's jurisdiction under

§ 2241.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Petitioner shall submit, within twenty-eight days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

   2. Petitioner and respondent are directed to file briefs concurrently addressing the jurisdictional basis for whether this court may or may not proceed in the instant action, as set forth above, within twenty-eight days of the filed date of this order;

   3. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on the United States Attorney; and

   4. The Clerk of the Court is additionally directed to send petitioner a copy of the in forma pauperis form used by this district.

DATED: July 9, 2012

        /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

ggh:rb
calz1434.osc

4