IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BALTAZAR GARCIA CALZADA

    Petitioner,                    No. 2: 12-cv-1434 WBS GGH P

    vs.                                FINDINGS AND RECOMMENDATIONS

UNITED STATES OF AMERICA, et al.,

    Respondents.

_____/

        Petitioner is a federal prisoner proceeding pro se with a petition pursuant to 28 U.S.C. § 2241.  OnAugust 3, 2012, respondent filed a motion to dismiss.  Petitioner has not filed an opposition to respondent's motion despite the court's December 5, 2012 order to show cause as to why the petition should not be dismissed for lack of jurisdiction.  Dkt. 9.

        This § 2241 petition includes claims that the court in which petitioner was convicted lacked subject matter jurisdiction to hear cases alleging federal criminal violations, and that statute under which petitioner was convicted was unlawfully enacted.

DISCUSSION

        Generally, a motion pursuant to § 2255 is the appropriate vehicle by which to challenge a conviction.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), citing, inter alia, 28 U.S.C. § 2255.  See also, Lorentsen v. Hood, 223 F.3d 950,

1

953 (9th Cir. 2000) ("[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention"), citing United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("holding that, in general, '[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). An exception to this general rule is the so-called "escape hatch" of § 2255(e), which allows a federal prisoner to file a petition pursuant to § 2241 "to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-65; and see, Lorentsen, 223 F.3d at 953.

Importantly, the remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999). A § 2241 petition is available, however, when a petitioner (1) makes a claim of actual innocence and (2) has not had an "unobstructed procedural shot" at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). To establish a claim for actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley v. United States, 523 U.S. 614, 623 (1998). In determining whether petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim did not become available until after a federal court decision. See Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008).

Construed most liberally, the closest petitioner gets to coming within the ambit of the § 2255 "escape hatch" is the allegation that he has been "repeatedly ignored, blocked, disrupted, or side-lined since 4-11-2011." Dkt. 1 at 4. However, he fails to specifically demonstrate how, if at all, he has been blocked from pursuing remedies under § 2255, and what this "blocking" had to do with his inability to file a § 2255 motion. Nor does he claim that he is actually innocent, let alone demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. See Bousley, 523 U.S. at 623.

\\\\\

Accordingly, petitioner has not properly invoked the "escape hatch" exception of § 2255 that would permit him to file a petition for habeas corpus under § 2241.

CONCLUSION

In light of the foregoing, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted, and the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 31, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE